### NEAL v. BARBEE.
(No. 560.)

(Court of Civil Appeals of Texas. El Paso. May 4, 1916.)

1. JUSTICES OF THE PEACE ⬥72—VENUE—RESIDENCE OF DEFENDANT.
   Under Rev. St. art. 2308, providing that every suit in justice court shall be commenced in the county and precinct in which defendant or one of several defendants resides, the venue of an action on an itemized account for debt was properly changed to the county of defendant's residence, notwithstanding fraud or swindle perpetrated by defendant in another county; the venue being fixed by the civil, and not by the criminal, statutes, and article 1830, subds. 7, 9, touching venue in cases of fraud, defalcation, crime, offense, or trespass having no application.
   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 56, 143–145, 235; Dec. Dig. ⬥72.]

2. JUSTICES OF THE PEACE ⬥72—VENUE—SUIT ON ACCOUNT—EVIDENTIARY FACTS.
   In suit against a partnership on an account, the alleged fraudulent giving of a check, or any fact or circumstance tending to show an alleged partner's interest in the business, are merely evidentiary facts going to the question of liability on the account, and do not destroy the alleged partner's right to be sued in the county of his residence, and are not competent evidence to meet his plea of privilege.
   [Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 56, 143–145, 235; Dec. Dig. ⬥72.]

3. VENUE ⬥17—SUIT ON CONTRACT—WAIVER OF TORT.
   Where a party elects to sue on a contract, rather than for his damages for fraud, trespass, or conversion in relation thereto, he waives the tort as a fact fixing the venue of his suit.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 28–31; Dec. Dig. ⬥17.]

Appeal from Nolan County Court; A. B. Yantis, Judge.

Suit by J. S. Grisham against F. J. Neal, the International Produce Company, a partnership, and others. From an order sustaining the plea of privilege of defendant Barbee,

against whom defendant Neal pleaded over, and changing the venue, defendant Neal appeals. Judgment and order affirmed.

Grisham & Grisham, of Sweetwater, for appellant. Beall & Douthit and Allen Wight, all of Sweetwater, for appellees.

WALTHALL, J. This suit was brought by J. S. Grisham in the justice of the peace court, precinct No. 1, Nolan county, upon an account purchased by him of F. J. Neal, who guaranteed its payment to Grisham. Neal was made a party defendant with the International Produce Company, alleged to be a partnership composed of W. W. Barbee and S. S. Eckston. It seems that no service of citation was had on Eckston and he was not a party to the suit. Barbee alone was served. Neal admitted his liability to Grisham and pleaded over against Barbee. Barbee filed a verified plea of privilege to be sued in the precinct of his residence in El Paso county. The plea was contested in the justice of the peace court both by Grisham and Neal. In the justice court Barbee's plea was overruled, and judgment was rendered in favor of Grisham against Neal and Barbee on an itemized account for $186 and costs, and in favor of Neal on his cross-action against Barbee. Pending the appeal, Neal settled with Grisham for the amount of the judgment obtained in the justice court. Neal predicated his right to prosecute the suit in Nolan county as successor to all of the rights of Grisham, having purchased pendente lite, and on the further grounds of fraud, conversion, and a swindle perpetrated upon him in Nolan county by Barbee, acting through his agent Eckston, manager of the International Produce Company, by delivering through the mails a bogus or fraudulent check on the bank of which he was cashier, and an alleged conspiracy between Barbee and Eckston, alleged to be partners in the said company.

In the county court, Barbee's plea of privilege to be sued in El Paso county was heard and sustained and the venue changed to El Paso county. From this order Neal alone appeals.

This case comes to this court alone on the order of the county court of Nolan county, sustaining Barbee's plea of privilege to be sued in the precinct of his residence in El Paso county, and changing the venue of the same from Nolan to El Paso county. The plea of privilege was tried before the court. Findings of fact and conclusions of law by the court were made and filed. There is no controversy as to appellee's residence being in El Paso county.

Appellant's first assignment of error consists of a statement of what occurred, the issuance and service of citation, the filing of the plea of privilege, Neal's cross-action, and the grounds for his cross-action, and a statement that the issues tendered in Neal's cross-action were abundantly supported by the evidence, and not denied by Barbee, but the assignment does not specify any ground of error relied on. The two propositions under the first assignment are: First, that the venue of a criminal case of swindle lies in the county where the property was acquired, and not in the county in which the false representations were made; second, that the offense of conspiracy may be prosecuted either where the conspiracy was entered into or where it was executed.

[1] The suit is on an itemized account for debt and not a prosecution for swindling or conspiracy, nor for damages growing out of either, nor for actionable fraud committed in Nolan county. Article 2308, Revised Statutes, provides:

"Every suit in the court of a justice of the peace shall be commenced in the county and precinct in which the defendant, or one or more of the several defendants, resides, except in the following cases and such other cases as are or may be provided by law."

And neither swindling nor conspiracy are among the exceptions. And if they were among the exceptions to the article, it would be a sufficient answer that the suit is on the account for the debt, and is not for damages for actionable fraud, trespass, conversion, nor a prosecution for the crime of swindling or a conspiracy to commit a crime.

The venue is fixed by the civil, and not by the criminal, statutes, as the cause of action is civil, and not criminal. Had the basis or foundation of the suit been for a damage or loss sustained by actionable fraud or conversion or trespass, the rule for venue sought to be invoked by appellant might find some application in a suit originally filed in the county court. But on a suit on an itemized account for debt, the subdivisions 7 and 9 of article 1830, Revised Statutes, have no such application. The assignment is overruled.

[2] Appellant's second assignment asserts that the testimony shows that Barbee and Eckston were partners under the firm name of International Produce Company, and that the allegation of partnership was not denied, that Eckston gave a check to plaintiff Neal for the sum of $125 in payment of plaintiff's produce and delivered same in Nolan county, and that the check was not paid and thus perpetrated a fraud, and makes the proposition under the assignment that the giving of the check under the circumstances and refusal to pay same constitute a swindle in Nolan county on the part of the maker of the check. This assignment points out certain facts alleged to have been shown on the trial, but does not specify any ground of error relied on. The two propositions under the assignment are: First, that the delivery by the maker of a fraudulent check on faith of which a vendor parts with goods constitutes a swindle on the part of the maker of such check; second, venue lies where a fraud, swindle, trespass, or conversion is committed. But the suit was not on the check nor for

actionable fraud, nor is it for the fraud, trespass, or conversion on the giving of the check. Under the issue that Barbee was a partner with Eckston and as such was connected with the purchase of the produce going to make up the items of the account constituting the basis of the suit and gave the check or committed acts of fraud, trespass, or conversion, or was guilty of the crime of swindling, it might be that the giving of the check or his acts constituting fraud, trespass, or conversion, like any other fact or circumstance tending to show his interest in the firm or partnership, or his liability on the account could be shown as an evidentiary fact, but in the suit on the account the giving of the check or any other fact or circumstance tending to show his interest in the business with Eckston would be but evidentiary facts going to the question of his liability on the account, but could not serve to destroy his right to be sued in the county of his residence, and would not be competent evidence on his plea.

[3] Appellant relies on Ward v. Odem, 153 S. W. 634, as sustaining his petition. In stating that case, Judge Fly says:

"This is a suit instituted by appellee against appellant to recover damages for the conversion of certain parts of a gasoline traction engine."

The suit was not for debt on an account for the value of the several parts of the engine. We have reviewed the cases referred to by appellant. They are invariably suits for damages for some fraud, trespass, or conversion, and for which the venue is made an exception by the statute to the rule that no person shall be sued out of the county of his residence. Where, however, a party elects to sue on his contract rather than for his damages for fraud, trespass, or conversion, he waives the fraud, trespass, or conversion as a fact fixing the venue of his suit.

We think we need not pass upon appellee's cross-assignments, as the matters complained of may not occur upon another trial. The county court was not in error in sustaining appellee's plea of privilege to be sued in the county of his residence.

The judgment and order are affirmed.