## O'QUINN v. O'QUINN.
### No. 1323.

Court of Civil Appeals of Texas. Waco.
Jan. 26, 1933.

Rehearing Denied March 2, 1933.

Cunningham, Moursund, Johnson, Rogers & Slatton, of San Antonio, for appellant.

J. J. Collins and Tom F. Coleman, both of Lufkin, and Ingrum, Smith & Morris, of San Antonio, for appellee.

GALLAGHER, Chief Justice.

This appeal is from a judgment rendered by the district court of Bexar county sustaining a plea of privilege. Mary Booth O'Quinn sued W. L. O'Quinn for the temporary and permanent custody and control of Bolen Booth O'Quinn, a minor. The parties will be designated as in the trial court. Plaintiff alleged that she resided in Bexar county and defendant in Angelina county, Tex.; that she and defendant were formerly husband and wife, but that they were divorced by the district court of Angelina county in December, 1929; that they had one child, Bolen Booth O'Quinn; and that no order concerning his custody was made in said suit. She alleged that said child was about 12 years old. She prayed for an order awarding the custody of said child to her during the pendency of the suit, for a temporary injunction restraining the defendant from interfering with such possession, and on final hearing for a decree awarding her the permanent custody of said child, requiring defendant to contribute to his support and maintenance, and perpetuating such injunction. Defendant filed a plea of privilege in statutory form, with supplemental allegations not necessary to recite. Plaintiff filed a controverting affidavit. She alleged therein that the principal relief sought by her was the temporary and permanent custody of her said child; that he was then and had been for approximately two years prior thereto in her exclusive custody in said county and had been maintained by her at her sole expense. She further alleged that her custody and control of said child had been in pursuance of an agreement between her and defendant therefor and that said agreement was to be performed in said county. She did not allege that such agreement was in writing. She also alleged that the defendant had committed trespasses upon her and had threatened and undertaken to remove said child from her possession, and that, because of such action, the court had jurisdiction. Defendant replied to the plaintiff's controverting affidavit by general and special exceptions assailing the sufficiency of plaintiff's allegations to sustain jurisdiction of the cause in said county. The court heard and sustained said exceptions, and plaintiff de-

clined to amend. The court thereupon entered an order transferring the cause to Angelina county for trial.

### Opinion.

■■ Appellant predicates her contention that the court erred in holding her controverting affidavit insufficient to raise an issue of lawful venue in Bexar county and in transferring the cause to Angelina county for trial, on the theory that her suit was based on an alleged trespass committed in said county, and on the further theory that such suit was for the enforcement of an agreement that she should have and exercise continued custody and control of said child in said county. Venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof. Nunnally v. Holt (Tex. Civ. App.) 1 S.W.(2d) 933, 934; par. 1; Bateman v. McGee (Tex. Civ. App.) 50 S.W.(2d) 374. Plaintiff, in her controverting affidavit, based her claim to the custody of said child on an agreement with defendant, and stated specifically that such custody was the principal relief sought. The venue of a suit between divorced parties for the custody and control of their child, whether brought in the form of habeas corpus or otherwise, is, in the absence of some special statutory ground, in the county of the defendant's residence. Black v. Black (Tex. Civ. App.) 2 S.W.(2d) 331, 332, par. 5; Keith v. Keith (Tex. Civ. App.) 286 S. W. 534, 536, par. 5; Lucid v. McDowell, Dist. Judge (Tex. Civ. App.) 206 S. W. 203, 205, par. 3; Finney v. Walker (Tex. Civ. App.) 144 S. W. 679, 681,

par. 3. Such a suit invokes consideration of the rights of the respective parties and the welfare of the child, regardless of whether an issue of trespass is involved or not.

■■ Plaintiff alleged in general terms that defendant had committed a trespass on her possession of the child. She did not, however, allege that she had been actually deprived of the possession of said child by defendant by force or otherwise. On the contrary, she alleged affirmatively that she was then in possession of him. The circumstances attending and constituting the alleged trespass were not recited in her petition, and such allegation was therefore a mere conclusion. Cook v. Guzman (Tex. Civ. App.) 19 S.W.(2d) 855, 856, pars. 2 and 3, and authorities cited; Paxton v. First State Bank of Tatum (Tex. Civ. App.) 42 S.W.(2d) 837, 838, pars. 1 and 2, and authorities there cited. But, if defendant's alleged attempt to deprive her of the possession of the child had been stated with sufficient particularity to show a technical trespass, same was only an incident to plaintiff's cause of action and not the basis thereof, and therefore insufficient to fix venue in Bexar county.

Plaintiff alleged that defendant had agreed that she should have the custody of said child and exercise control over him in Bexar county. Such allegation was insufficient to fix venue because she did not further allege that such agreement was in writing.

The judgment of the trial court is therefore affirmed.