### ADAMSON v. HEXTER et al.
#### No. 9255.

Court of Civil Appeals of Texas. San Antonio.

Feb. 14, 1934.

J. D. Todd and J. D. Todd, Jr., both of Corpus Christi, for appellant.

Procter, Vandenberge, Crain & Vandenberge, of Victoria, for appellees.

SMITH, Justice.

Appellees brought this action in the county court of Victoria county against appellant, to recover the value of the landlord's share of crops raised by appellant on appellees' farm in 1932, as upon an alleged parol contract, it being alleged that instead of accounting to appellees for the landlord's share appellant converted and sold the same and appropriated the proceeds to his own use. The crops were grown on appellees' farm in Victoria county.

Appellant is conceded to be a resident of San Patricio county and entitled to his privilege of being sued there unless the suit is within the ninth exception to the venue statute (article 1995, R. S. 1925), in which it is provided that suits based upon offense or trespass may be brought in the county where same is committed.

The trial court overruled appellant's plea of privilege to be sued in San Patricio county, where he resides, thereby sustaining venue in Victoria county. This appeal is from that order.

The controlling question is that of whether the suit is a direct action for conversion, or upon a debt due upon an oral contract, to which the asserted conversion was but an incident. In the one case venue would lie in Victoria county; in the other appellant would be entitled to his asserted privilege. Beale v. Cherryhomes (Tex. Civ. App.) 21 S.W.(2d) 65, and authorities there cited.

■ Conversion of personal property constitutes a trespass within the contemplation of the ninth exception to the venue statute, and a suit thereon may be maintained in the county where such trespass is committed. Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598.

■ And in order to sustain venue in such case, it is not necessary upon the hearing of a plea of privilege to prove the fact of conversion with that degree of conclusiveness required in a trial upon the merits; it is necessary only to show a substantial controversy over that issue. San Marcos Baptist Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626.

■ The nature of the action must be determined from the plaintiffs' petition and controverting affidavit, which are identical in effect in this case.

■ In both pleadings it was alleged that by the terms of the oral contract involved "defendant (appellant) agreed to plant and cultivate said land in crops and to harvest same in a good farmerlike manner and, as rent, to deliver to the landlord, * * * one-fifth of all crops raised and harvested on said land; said contract further provided that the total expense of ginning and baling any cotton raised on said land was to be first deducted from the price received from said cotton and the net proceeds of the cotton and seed were then to be divided four-fifths to the tenant defendant and one-fifth to the landlord. * * *" That appellant planted and harvested crops on said land during said year of the market value of $2,380, after allowing stipulated deductions, of which appellees' landlord's share was $476. And it was further alleged in the petition and controverting affidavit:

"That by reason of the premises the said (landlord) was owner of one-fifth of all of

said cotton but that, in fraud of said (landlord) and in fraud of plaintiffs the defendant sold all of said cotton and converted said property to his own use, refusing to account to plaintiffs * * * for any of said one-fifth of said cotton, thus defrauding * * * plaintiffs of said one-fifth of said cotton; that said fraud occurred in Victoria County, Texas, defendant having sold all of said cotton in Victoria County, Texas.

"That by reason of the premises defendant owes the (plaintiff) rent of one-fifth of the cotton, said one-fifth amounting to $476.00; that, therefore, defendant owes said (landlord) the sum of $476.00. * * *

"That no accounting of said rents has ever been rendered by defendant to plaintiffs * * *; that no part of said rents has ever been paid to plaintiffs * * *; that said unpaid rents in said sum of $476.00 * * *, constitutes a valid and subsisting debt owing by defendant to * * * plaintiffs * * *, but, though often demanded, defendant has failed and refused and still fails and refuses to pay same or any part thereof."

The effect of these allegations is, that under a parol contract, appellant rented appellees' land for the year, for an agreed rental of one-fifth of the crops to be harvested therefrom, less certain deductions to be made from the gross proceeds of the marketed products; that one-fifth of the proceeds from the sale of the crops so harvested, after making the stipulated deductions, amounted to $476, which, although past due, appellant failed and refused to pay, after demand; that appellant had converted said landlord's share to his own use; "that said unpaid rent in said sum of $476 * * * constitutes a valid and subsisting debt owing by defendant to plaintiff. * * *"

The gist of appellees' suit, as disclosed by the foregoing pleadings, as well as the evidence adduced thereunder, is for breach of a parol contract, and for an accounting thereon, and the charge of conversion was but an incident to the main cause of action, an evidentiary fact set up in support of that action. Dowell v. Long (Tex. Civ. App.) 219 S. W. 560; Beale v. Cherryhomes, supra; O'Quinn v. O'Quinn (Tex. Civ. App.) 57 S.W. (2d) 397.

We conclude that upon the case stated appellant is entitled to his statutory privilege. The judgment denying him that privilege will be reversed, and judgment will be here rendered that the cause be transferred to the county court of San Patricio county, as provided in article 2020, R. S. 1925, as amended by Acts 1933, c. 177 [Vernon's Ann. Civ. St. art. 2020]).

Reversed and rendered with instructions.