## EVANS v. HELDENFELS.
### No. 9266.

Court of Civil Appeals of Texas. San Antonio.

Feb. 28, 1934.

Rehearing Denied March 28, 1934.

Lloyd & Lloyd and Perkins & Floyd, all of Alice, for appellant.

Beasley & Beasley, of Beeville, and H. S. Bonham, of Corpus Christi, for appellee.

SMITH, Justice.

The parties, Evans and Heldenfels, will be designated in this opinion as plaintiff and defendant, as in the trial court.

Plaintiff brought the action against defendant in the district court of Jim Wells county to recover a balance alleged to be due him for work done by him for defendant, and to set aside a contract executed by the parties.

In an amended petition plaintiff alleged that defendant had a contract with the state highway commission in which he was obligated to construct a section of state highway No. 66 in Jim Wells county; that plaintiff and defendant entered into an agreement whereby plaintiff was to do the work required of defendant in said contract, for which defendant agreed to pay plaintiff all the compensation to accrue to defendant thereunder, less 6 per cent. to be retained by him; that plaintiff performed all of said work in accordance with said contract; and that defendant retained and appropriated 10 per cent. of said compensation, instead of 6 per cent., as agreed. Plaintiff sought in this suit to recover the difference between 6 per cent. and 10 per cent. of said compensation, as well as for other sums alleged to have been wrongfully deducted by defendant from the amounts earned by plaintiff under the contract with

the highway department. Plaintiff further alleged that defendant prepared a contract providing that defendant should retain 10 per cent. (instead of the agreed 6 per cent.) of said compensation, and by false and fraudulent representations as to its nature, contents, and effect, induced plaintiff to execute the same in the form presented to him; that plaintiff relied upon said representations, but for which he would not have executed the instrument; and that he had no knowledge of the fraud, or means of ascertaining its perpetration, until after he had done the work. Plaintiff's suit was in the nature of an action upon the original oral agreement, for the balance claimed to be due him thereunder, as well as other items irrelevant to this inquiry, and to cancel the written agreement which he alleges he was fraudulently induced to execute.

Defendant, conceded to be a resident of Aransas county, pleaded his privilege to be sued in that county. Plaintiff controverted the plea. Defendant urged a replication to the controverting plea, consisting of general and special demurrers, as well as a special answer that plaintiff's allegations of fraud were designed to fraudulently fix venue in Jim Wells county. The trial court sustained the general demurrer as well as numerous special exceptions to the controverting plea and, refusing to hear any evidence on the issue raised, sustained the plea of privilege and changed the venue to Aransas county. This appeal is from that order.

■ Plaintiff seeks to sustain venue in Jim Wells county, first, by reason of the amended seventh exception to the general venue statute (article 1995, subd. 7, R. S. 1925, as amended by Acts 1927, 40th Leg., 1st Called Sess., p. 197, c. 72, § 1. [Vernon's Ann. Civ. St. art. 1995, subd. 7]), as follows:

"7. Fraud and Defalcation. In all cases of fraud, and in all cases of defalcation by public officers, suit may be brought in the county where the fraud was committed or where the defalcation occurred, or any of such suits may be brought where the defendant has his domicile."

We are of the opinion that the case made does not come within the quoted exception. The suit is in the main one for debt, or an accounting, to which the controversy over the alleged fraud is but an incident, an evidentiary fact set up in aid of the main claim, and in such case venue is fixed by the nature of the principal cause of action, and not by any particular or secondary issue incident thereto. Carl A. Adamson v. Jules Hexter et al., decided by this court on February 14, 1934, and reported in 68 S.W.(2d) 568; Dowell v. Long (Tex. Civ. App.) 219 S. W. 560; Beale v. Cherryhomes (Tex. Civ. App.) 21 S.W.(2d) 65; O'Quinn v. O'Quinn (Tex. Civ. App.) 57 S.W. (2d) 397.

■ The crux of the controversy here is the specific issue of whether defendant was entitled to 6 per cent. or 10 per cent. of the amount collected from the highway department, based upon the alleged original oral agreement upon which plaintiff bases his action. Plaintiff's pleas make a prima facie case for recovery, without reference to the alleged fraudulent contract, which has no place in the case unless and until defendant should plead it as a defense, and plaintiff may not anticipate defendant's defenses and set them up for the purpose of invoking venue not otherwise available.

■ Plaintiff also invokes the fifth exception to the venue statute (article 1995), providing that "if a person has contracted in writing to perform an obligation in a particular county" suit thereon may be brought in that county. It is sought to bring this action under that exception because plaintiff performed the obligations of defendant in his written contract with the highway department, performable in Jim Wells county. But plaintiff was not a party to that contract, nor is he seeking to subject either party thereto to performance thereunder.

■■ The practice of disposing of pleas of privilege and controverting pleas, by demurrer, is not commended, and often complicates the consideration and disposition thereof, without in any case being essential to the preservation of the rights of either party. Certainly, special exceptions have no useful place in such proceedings. But in this case plaintiff's pleadings and controverting affidavit showed upon their face that the suit was not within either of the exceptions invoked, and the trial judge committed no harmful error in sustaining the plea of privilege without hearing evidence. The plea, being in the form prescribed by statute, prima facie entitled defendant to his asserted privilege, and the controverting plea set up no fact which, if proven, could have affected the question of venue, or impaired the prima facie case for a change.

The judgment is affirmed.