## LONE STAR MUT. LIFE ASS'N v. BRUNO.

### No. 1827.

Court of Civil Appeals of Texas. Waco.

Feb. 4, 1937.

1060

Bartlett, Carter & Rice, of Marlin, for appellant.

Oltorf & Oltorf, of Marlin, for appellee.

ALEXANDER, Justice.

This appeal challenges the correctness of the ruling of the trial court on a plea of privilege. Mrs. Rosa Bruno brought the suit in Falls county, the county of her residence, against the Lone Star Mutual Life Association, a local mutual aid association of Washington county, to recover on a life insurance certificate in the sum of $1,000, issued by the defendant on the life of plaintiff's deceased husband, in which certificate plaintiff was named as beneficiary. Plaintiff also alleged that, by reason of certain fraudulent representations and the payment of the sum of $310, she had been induced to execute a release of the claim due under said certificate, but that, on account of said fraud, the purported release was without consideration and the payment made thereon should be treated merely as a partial payment on the amount due on the policy. Defendant's plea of privilege to be sued in Washington county was duly controverted, and upon a trial thereof the court, after hearing the evidence, overruled the plea of privilege. The defendant appealed.

The appellant contends that the suit in the main is one to cancel and rescind the alleged compromise agreement and, since appellee failed to prove that any fraud was perpetrated in the county where the suit was brought, the defendant's plea of privilege to be sued in the county of its residence should have been sustained. The appellee contends that the suit in the main is one to recover on the insurance certificate, and therefore it was properly maintainable in Falls county.

Where the venue depends on the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof. 43 Tex.Jur. 774; O'Quinn v. O'Quinn (Tex.Civ.App.) 57 S.W.(2d) 397, par. 1; Nunnally v. Holt (Tex.Civ. App.) 1 S.W.(2d) 933, par. 1; Bateman v. McGee (Tex.Civ.App.) 50 S.W.(2d) 374.

In this instance, the principal right asserted is based on the insurance certificate and the relief sought is for the breach thereof. The setting aside of the compromise agreement was only an incident to the right to recover on the insurance certificate. Therefore, the trial court properly overruled the defendant's plea of privilege.

The judgment of the trial court is affirmed.