The judgment is reversed and the prosecution ordered dismissed.

## HENSON v. HENSON et al.

### No. 9442.

Court of Civil Appeals of Texas. Austin.

June 7, 1944.

Clyde Vinson and Wm. C. McDonald, both of San Angelo, for appellant.

Wm. E. Davenport, of San Angelo, for appellees.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege to change the

venue to Gaines County, that of defendant's residence.

In the controverting affidavit to the plea plaintiffs claimed the venue was properly laid in Tom Green County under Art. 1995, Vernon's Ann.Civ.St. Subds. 5 (contract in writing to be performed in Tom Green County) and 7 ("In all cases of fraud"). In their brief, however, they appear to have abandoned these grounds, and rely solely upon Subd. 9 (trespass), asserting a conversion of personal property in Tom Green County.

■ Plaintiffs were four (three children and one grandchild) of the ten sole heirs at law of W. G. Henson who died intestate in Tom Green County, October 31, 1942 leaving an estate consisting of lands and personalty in Tom Green County and land in East Texas. November 13, 1942, all the heirs joined in a power of attorney in favor of defendant J. C. Henson (one of the heirs), authorizing him to take charge of the estate, sell the property and pay the debts. The suit was brought October 14, 1943, against J. C. Henson (the remaining heirs were named parties defendant, because they refused to join as plaintiffs, but no relief was sought against them) for an alleged balance of $709.57, which it was alleged he had collected and failed to pay to the other heirs. $506.67 of this amount was alleged to have been converted to his own use by defendant in Tom Green County, of which amount $243 represented a charge for personal salary, and the balance various specified items which defendant allegedly falsely claimed were claims against the estate which he had paid. As to the item of $243, it was alleged that defendant had agreed not to charge anything for his personal services; that the other heirs relied upon this agreement and but for it would not have executed the power of attorney; that defendant did not intend to carry out the agreement when he made it. The power of attorney was silent on this point, the expressed consideration being $1 "and other valuable consideration to us moving." Sherman Henson, the only witness in the case, testified that the reason this stipulation was not embodied in the power of attorney was because it was overlooked. This asserted verbal agreement was not inconsistent with the written power

of attorney, no fraud was shown in not embodying it therein, and there was therefore no basis for the asserted fraud.

■ It should also be noted that there was no stipulation to pay the heirs their part at any designated place. Consequently, there was no breach of any contract in writing to perform in Tom Green County.

■ As regards the issue of conversion in Tom Green County: the power of attorney expressly authorized defendant to withdraw all bank deposits in Tom Green County. Presumably he did so and deposited them in a bank at Seminole, Gaines County, where he resided. This appears from an item in a statement he rendered the heirs (date not given) to the effect that on December 19 (1942) he paid each of them $500 "in Seminole bank." Another item in this account reads, "Bank charge $2.35," indicating an estate account. If conversion could under any theory be properly asserted, there was a total failure of showing that it occurred in Tom Green County.

■ Aside from this, however, the case here presented is one for debt and an accounting, and does not fall within either Subd. 7 or 9 of Art. 1995. The applicable general rule, now well established, is that in order to fall within Subd. 7 or 9, the "cause of action" must be one sounding in tort, that is fraud or trespass (conversion), and not one for breach of contract, as to which allegations of fraud or conversion are merely incidental. The suit here is clearly one for breach of contract to account to the heirs for the sums which should be due them under the agreement to properly administer the estate. For applications of this rule see: Beale v. Cherryhomes, Tex.Civ.App., 21 S.W.2d 65, and authorities there cited; O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397; Adamson v. Hexter, Tex.Civ.App., 68 S.W. 2d 568; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283.

The order appealed from is set aside and the cause remanded to the trial court with instructions to change the venue to Gaines County.

Reversed and remanded with instructions.