SOWELL v. WEISINGER.

No. 4632.

Court of Civil Appeals of Texas. Beaumont.

Nov. 25, 1949.

Pitts & Liles, Conroe, for appellant.

A. K. Stewart, Conroe, for appellee.

WALKER, Justice.

Appeal from an order overruling a plea of privilege.

Appellee, referred to hereinafter as Plaintiff, brought this action against Appellant, referred to hereinafter as Defendant, in the Justice Court of Precinct 7 of Montgomery County.

Plaintiff alleged that he owned and operated a concern styled Weisinger Chevrolet Company, which was engaged in the business of repairing automobiles (we infer that this title is a name assumed by Plaintiff for business purposes); that on September 2, 1947, at Defendant's request, he made certain repairs on Defendant's automobile which required the performance of labor and the furnishing of material, to-wit, automobile parts; that the labor was reasonably worth $72 and the parts, $86.26 or a total of $158.26; and that Defendant had agreed to pay him these sums. Attached to, and referred to in the petition were itemized and sworn statements of account, listing the various items of labor and parts which Plaintiff had furnished.

Plaintiff alleged further "that on or about the 15th day of October, A.D.1947, defendant came to plaintiff's place of business at Conroe, Texas, and requested his automobile; that Plaintiff by and through his duly authorized agent E. P. Weaver presented to Defendant a bill of the total amount of his labor and for parts furnished on Plaintiff's car in the amount of One Hundred Fifty-eight & 26/100 ($158.26); that in payment of the bill Defendant gave a check for the amount drawn upon the Farmers & Merchants State Bank of Grapeland, Texas, and falsely and fraudulently represented to Plaintiff by and through his agent E. P. Weaver that the check if presented would be paid by said bank; that Plaintiff by and through his agent E. P. Weaver relying upon these representations delivered the automobile to the Defendant who took it away; that Plaintiff was entitled to a lien upon said car so long as it was in his possession to secure the amount of his bill but Plaintiff lost such lien with the surrender of the car to Defendant in exchange for the check; that Defendant was well aware of this, and by his false pretenses and fraudulent representations he acquired possession of said automobile, knowing at the time that he did not intend to pay for the labor and for the parts furnished on said automobile; that Plaintiff in due course presented said check to the Farmers & Merchants State Bank, Grapeland, Texas, whereupon payment was refused for the reason that Defendant had ordered the aforesaid bank not to pay said check; that Defendant at the very time he gave said check to Plaintiff's agent E. P. Weaver intended to stop payment on same and by deceitful pretenses and devices and fraudulent representations deprived Plaintiff of the possession of said car."

Plaintiff prayed that Defendant be cited, that he recover of Defendant the sum of $158.26, with interest, certain attorneys fees and costs, and further, for general relief.

Defendant filed a plea of privilege to be sued in the precinct and county of his residence, to-wit, Justice's Precinct 5 of Houston County.

576

Plaintiff controverted the plea of privilege. He made his petition a part of his controverting affidavit, and alleged further that the labor performed in repairing Defendant's automobile was performed in Justice's Precinct 7, of Montgomery County, in Conroe, and that the Justice's court of said Precinct, in which the suit was pending, had venue of the suit under Subdiv. 4 of Art. 2390, R.S.1925. Plaintiff repeated the allegations of fraud which are quoted above, from his petition, and alleged that by virtue of this fraud, Subdiv. 7 of Art. 1995, R.S.1925, Vernon's Ann. Civ.St. art. 1995, subd. 7, also applied and fixed venue in said Justice's Court.

The issue of venue thus made was tried before the Justice, and the plea of privilege was overruled. Subsequently, but apparently on the same day, to-wit, November 26, 1948, the Justice rendered judgment in Plaintiff's behalf against Defendant for the sum of $158.26, interest and costs. From this judgment Defendant appealed to the County Court of Montgomery County.

The issue of venue was tried again in said County Court on May 20, 1949, and the plea of privilege was again denied. From the order of the County Court overruling said plea, Defendant has appealed to this Court.

No statement of facts has been filed, but at Defendant's request, the County Court made and filed findings of fact and conclusions of law. Said findings which have not been excepted to, read as follows:

"(1) I find that on the 2nd day of September, 1947, and in all times thereafter, the Plaintiff, W. B. Weisinger, was the sole owner and operator of Weisinger Chevrolet Company, carrying on a general automobile sales service and repair business in Conroe, Montgomery County, Texas."

"(2) I find that the Plaintiff's cause of action is predicated upon a sworn account for parts furnished the Defendant, to be used upon Defendant's automobile and for labor performed by employees of the Plaintiff."

"(3) I find that the Plaintiff, himself, did not perform any labor for the benefit of the Defendant, but that all labor performed upon Defendant's car was done and performed by employees of the Plaintiff."

"(4) I find that Plaintiff's employees were paid by Plaintiff for the labor performed upon Defendant's automobile."

"(5) I find that Plaintiff furnished his employees tools and space in his service department to work upon automobiles generally."

"(6) I find that on the 15th day of October, 1947, the Defendant presented his check to Plaintiff's agent, in payment for his parts furnished and labor performed by Plaintiff's employees upon Defendant's car."

"(7) I find that at the time Defendant gave his check to Plaintiff's agent, on payments for his parts furnished and labor performed by Plaintiff's employees upon Defendant's car, that Defendant protested overall charge made by Plaintiff for parts furnished and for labor actually performed on the theory that the price charged was too much money to spend on an old car."

"(8) I find that after some argument between Defendant and Plaintiff's agent, Defendant gave his check to Plaintiff's agent, and thereupon Plaintiff's agent released the car to Defendant and he drove it away."

"(9) I find that Defendant has never since that day protested to Plaintiff that there was any overcharge for any particular part or for the labor or that Defendant's car has failed to function properly."

"(10) I find that the Defendant gave Plaintiff his check for the purpose of getting his car released to him and into his possession, and with the intent, at the time, to not pay the Plaintiff for his parts, and for labor furnished on Defendant's car."

"(11) I find that Defendant has never brought his car back to the Plaintiff's place of business for any correction since Plaintiff released said car to Defendant."

"(12) I find that Defendant presented his check to Plaintiff for the purpose of fraudulently getting his car out of Plaintiff's possession."

"(13) I find that, thereafter, the Defendant stopped payment upon said check and that said check has never been paid."

The trial court concluded, on the basis of these findings "that the Justice Court of Precinct No. 7 of Montgomery County, Texas, and consequently this Court, had venue of this cause under Subdivision 4 of Art. No. 2390 of the Revised Statutes of Texas, as well as under Subdivision 7 of Article No. 1995 of the Revised Statutes of Texas."

### Opinion

Defendant has filed two Points of Error for reversal.

Under Point 1, Defendant argues that Subdiv. 7 of Art. 1995 is inapplicable for two reasons, first, it does not apply to suits in Justice Courts and, second, that "the plaintiff's suit is not based upon fraud but is predicated upon an itemized verified account."

Point 1 is sustained on both grounds.

■ Plaintiff's main cause of action is in contract, for the value of labor and materials furnished by him; and no fraud pertaining to this has occurred. The only fraud alleged or proved was the fraud of Defendant in dispossessing Plaintiff of the automobile, and the only injury from this which Plaintiff alleged and proved (if he proved an injury) was the loss of a lien. Under such pleading and proof, it would seem that the greatest relief which Plaintiff could obtain (and we do not say that he could) would be the restoration of the lien; but the right constituting the foundation of this relief would grow out of the same facts as those upon which Plaintiff's primary cause of action depended, namely, the repairs made upon Defendant's automobile at Defendant's request. If we assume that the establishment of a lien in this suit would be such an independent cause of action as would support venue, then nevertheless, under the following decisions, Defendant's fraud would only be incidental to that cause of action and for this reason would not fix venue under Subdivision 7 of Art. R.S. 1995, because, under the pleadings, the basic right to be enforced existed before the fraud was committed and the fraud did not enter into it. See: Lone Star Mutual Life Association v. Bruno, Tex.Civ.App., 101 S.W.2d 1059; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283; Nunnally v. Holt, Tex.Civ.App., 1 S.W.2d 933. So far as we can determine, Plaintiff claims no more than he had before the fraud was committed upon him.

■ But regardless of the fraud Subdivision 7 of Art. 1995 is not applicable to suits in Justice Courts. This statute only fixes venue within a county. It does not fix venue among the Justice Courts within the county; and Art. 2351, R.S.1925, Vernon's Ann.Civ.St. art. 2351, directs the Commissioners Court of each organized county to divide the county into not less than four Justice Precincts. The failure to fix venue in *precinct* as well as in *county* indicates that the legislature did not intend Art. 1995 to apply to Justice Courts. Further along this line, Article 2390, R.S.1925, provides: "Every suit in the justice court shall be commenced in the county *and precinct* in which the defendant or one or more of the several defendants resides, *except in the following cases* and *such other cases as are or may be proved by law.*" Thirteen exceptions follow this general rule of venue, and in each case, venue is fixed in *precinct* as well as in *county*. It having been explicitly provided that suit shall always be brought in Defendant's *precinct* except as elsewhere provided, it would seem that the general exception of *such other cases as are or may be provided by law* refers only to statutes fixing venue in *precinct* and not to statutes fixing venue only in *county*. Such a construction accords with the fact that every one of the 13 specific exceptions in Article 2390 to the general rule of venue made by that statute is fixed in *precinct*. It is also to be noted that Article 1995 is a part of title 42, entitled "Courts—Practice in District and County."

Plaintiff cites and is supported by Welsh v. Chapman, Tex.Civ.App., 87 S.W.2d 293, and by dicta expressed by the same court in Hume v. Devenport, 52 S.W.2d 539 and in Fears v. Fish, 218 S.W. 507. Of these three, the basic decision is Fears v. Fish,

and the relevant statement in that decision was based upon Article 2400, R.S.1911, which became Article 2381, R.S.1925; and this statute is now listed among the statutes repealed when the Texas Rules of Civil Procedure were enacted. This repeal, especially when considered with Rule 816, shows that the statute was regarded as one which concerned procedure only and not venue, and such a construction accords with the language of the statute. None of the decisions cited by plaintiff have been approved by the Supreme Court and under the circumstances we do not regard them as authoritative.

■ Point 2 raises the issue that Plaintiff performed no *labor* for Defendant within the meaning of that term as used in Subdivision 4 of Art. 2390, which, so far as relevant, provides that "in all suits to recover for *labor* actually performed, suit may be brought and maintained where such labor is performed". This exception to the general rule of venue was enacted in 1917 by way of amendment to Subdivision 4 as it then existed. See: General Laws 1917, c. 124, p. 321.

In 1921, the Court of Civil Appeals, in Reece v. Langley, 230 S.W. 509, construed *labor* in this exception as not including the services rendered by a thresher in threshing grain, where he had employed a crew to work with him and his claim included a profit on their work. In effect, the court held that the services of a enterpreneur were not *labor* within the meaning of Subdivision 4. This decision applies to the facts of this case and supports Defendant's argument.

This rule of decision seems narrow, but it has stood for 28 years and has survived a recodification of the laws; and there is some support for it in the circumstances following.

The legislative history of the Act of 1917 is related in the opinion of the Commission of Appeals in Felton v. Johnson, 112 Tex. 412, 247 S.W. 837. The Commission construed the amendment of Subdivision 4, made by this Act, in the light of its legislative history, and held that *labor* meant *physical toil*. Johnson had brought the action against Felton to recover a commission earned by him as a broker in effecting a sale of real estate belonging to Felton, who was his principal. Subdivision 4 as it appeared in the original bill, excepted from the general rule of venue in a Defendant's precinct not only suits for *labor performed* but also excepted suits for *any kind of personal services rendered,* fixing the venue of both classes of suits in the precinct where the performance was made; and in this form the bill was passed by the House. The Senate, however, changed *labor performed* to *labor actually performed* and struck out the words *any kind of personal services rendered,* thus limiting Subdivision 4 to its present form. The Commission, in effect, construed *labor* in the original bill as meaning *physical toil,* and from the legislative history of the bill they inferred a legislative intent to retain and to use *labor* in this restricted sense, which, they held, excluded such brokerage services as Johnson had rendered Felton. The case did not involve the question now before us, since it was only necessary for the Commission to consider the nature of that which Felton had received; but quotations in the Commission's opinion indicate somewhat an understanding of Subdivision 4 similar to that expressed by the Court of Civil Appeals in Reece v. Langley.

The emergency clause of the Act of 1917 also perhaps affords some support for the construction adopted in Reece v. Langley. This clause refers to hardships imposed by the existing law upon "laborers and poor persons", indicating that the legislature amended Subdivision 4 to relieve such persons and that they did not have in mind such persons as Plaintiff.

Point 2 is sustained on the basis of the decisions and considerations stated. The trial court's findings show that Plaintiff is an enterpreneur and that he performed the *service* of an enterpreneur, not *labor;* and that his claim is for profit and reimbursement for his expenses.

These conclusions require that the order of the trial court overruling Defendant's plea of privilege be reversed; and since it is unnecessary to ascertain any matter of

fact and since the matter to be decreed is not uncertain, within the meaning of Rule 434, Rules of Civil Procedure, the proceeding is remanded to the trial court with instructions to transfer the cause to the Justice Court of Precinct 5 of Houston County.