**IMLE v. BRILL et al.**

No. 12187.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 1, 1950.

Joseph J. Yrisarri, Clayton B. Thompson, Jr., San Antonio, for appellant.

Harry I. Freedman, Dallas, for appellees.

POPE, Justice.

This is a venue suit in which appellant seeks to maintain his action in Bexar County under Article 1995, § 7, Vernon's Ann. Civ.Stats., relating to fraud.

The sole question before the court at this time is whether the pleadings allege an action grounded in fraud committed in Bexar County, that being the only venue ground relied upon by appellant. The trial court ruled that the pleadings on their face fail to allege an action for fraud and on appellee's plea of privilege ordered the cause transferred to Dallas County.

Appellant, John F. Imle, plaintiff below, filed this suit in Bexar County against J. P. Brill, a resident of Harris County, and William Fogel, a resident of Dallas County. Brill filed no plea of privilege. The facts here stated are taken from the appellant's pleadings and for purposes of this appeal will be regarded as true. On September 20, 1947, Imle, Brill and Fogel executed a partnership agreement, at which time appellant, Imle, paid $25,000 in cash and notes for his one-third interest. Material misrepresentations amounting to fraud induced appellant to purchase an interest in the business.

The right to withdraw from the partnership was granted to appellant under the terms of a second agreement executed by the three parties at the same time as, but contained in a separate agreement from the original partnership agreement. By this second agreement, Brill and Fogel agreed to refund appellant the amount of his investment if he became dissatisfied and if prior to March 1, 1948, he gave written notice to Brill and Fogel that he desired the return of his investment. No allegations of fraud inducing this second written agreement are contained in any of the pleadings. On January 31, 1948, appellant exercised his privilege of withdrawing from the partnership in accord with the second agreement, but "defendants failed and refused to and still fail and refuse to return to plaintiff the amount of his original investment, which they had promised to so do."

Brill had repaid appellant $1,500, and on April 8, 1948, the same three persons executed a third instrument which dissolved the partnership. Also by this instrument, Brill agreed to hold Fogel harmless as to all partnership claims and all partnership property, except for one automobile, was transferred to Brill. It provided further that the

agreement should not be construed to affect any agreement between Brill and Imle, it being intended by the agreement to settle and determine only the rights and relations between Imle and Brill insofar as they relate to Fogel. Imle and Brill in this instrument then gave Fogel a full and complete release. The instrument recited a consideration and payment of $2,500 by Fogel to Imle. This sum, together with the $1,500 that Brill had already paid, according to plaintiff's petition, reduced "said indebtedness to twenty-one thousand dollars ($21,-000.00) now due and owing plaintiff." Demand and non-payment of that sum were again alleged.

This third instrument executed by the parties was also attacked by Imle on the ground that it too had been induced by fraud.

 Appellee has briefed other matters arising out of his special exceptions which we do not here pass upon, since the record fails to show that they were urged or ruled upon by the trial court. Many of the exceptions relate to matters of defense only. The sole issue before the Court is whether the pleadings assert a cause of action based on fraud committed in Bexar County.

The trial court held that as a matter of law the pleadings failed to allege a fraud action. For that reason evidence of facts fixing the venue was not heard. From the pleadings we may determine the nature of an action. Nolen v. Harding, Tex.Civ. App., 235 S.W. 687, 43 Tex.Jur. p. 846. Appellant's pleadings set out three separate agreements that were executed by the parties. He alleged that fraud induced the first and third agreements, but not the second agreement. He invoked the provisions of that second contract as the basis for recovery of money damages amounting to a claimed balance of $21,000. He made no allegations upon which to support damages measured by rules applicable to fraud. George v. Hesse, 100 Tex. 44, 93 S.W. 107, 8 L.R.A., N.S., 804; Blohm v. Krueger, Tex.Civ.App., 297 S.W. 596. He alleged a demand for the return of his investment after giving written notice as required by his contract, the failure to repay this investment in full, and prayed for the exact dif-

ference between the amount he invested and the amount returned to him. It occurs to us that this is a suit on contract in which it is necessary that appellant first avoid the effect of a release. Upon this state of the pleadings, the controversy over the alleged fraud is but an incident. In such cases, it has been held that the nature of the principal cause of action is controlling over secondary or incidental issues. Sowell v. Weisinger, Tex.Civ.App., 228 S.W.2d 574; Henson v. Henson, Tex.Civ.App., 181 S.W.2d 285; Lone Star Mutual Life Ass'n v. Bruno, Tex.Civ.App., 101 S.W.2d 1059; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283; Adamson v. Hexter, Tex.Civ.App., 68 S.W. 2d 568; O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397; Beale v. Cherryhomes, Tex. Civ.App., 21 S.W.2d 65. We hold that the pleadings assert a cause of action grounded on contract rather than fraud. Latshaw v. McLean, Tex.Civ.App., 238 S.W. 1003; Dowell v. Long, Tex.Civ.App., 219 S.W. 560; Neal v. Barbee, Tex.Civ.App., 185 S. W. 1059. Where a contract is induced by fraud, but a party elects to sue on the contract rather than to allege and recover damages for fraud, he cannot rely on fraud to fix the venue of his suit. Bunger v. Campbell, Tex.Civ.App., 183 S.W.2d 1001.

The judgment of the trial court is affirmed.