**Herbert LEWIS, Appellant,**

v.

**Jimmie EVANS, Appellee.**

No. 7202.

Court of Civil Appeals of Texas.

Texarkana.

Feb. 16, 1960.

Hardy, Odom & Steele, Tyler, for appellant.

Paul Anderson, Marshall, for appellee.

FANNING, Justice.

This is a venue case in which appellee seeks to maintain his action in Harrison County, Texas, under subdivision 7 of Art. 1995, Vernon's Ann.Civ.St., relating to fraud, and under subdivision 9 of said venue statute, contending that his suit was based upon a crime committed by appellant in Harrison County, Texas. The trial court overruled appellant's plea of privilege to be sued in Smith County, Texas, the county of his residence, and defendant-appellant has appealed.

Appellee, Jimmie Evans, plaintiff below, filed suit in the County Court of Harrison County, Texas, against appellant Herbert Lewis, defendant below, on an itemized verified account in the amount of $784.61, for labor and materials furnished in connection with the repair of appellant's truck. Appellee further alleged that on May 23, 1957, appellant executed and delivered a $350 check to appellee in part payment of the account, which later was returned with the notation marked thereon "insufficient funds," and that appellant fraudulently obtained possession of his truck from appellee by reason of said check and deprived appellee of his mechanic's lien. Plaintiff-appellee in his pleading also sought an attorney fee, and in his prayer prayed for judgment in the amount of $784.61, for a reasonable attorneys fee, for foreclosure of a lien on the truck and for costs, etc.

■ Where the venue depends upon the nature of the suit, such venue is ordinarily determined by the nature of the principal right asserted and the relief sought for the breach thereof. Lone Star Mutual Life Association v. Bruno, Tex.Civ.App., 101 S.W.2d 1059.

In Sowell v. Weisinger, Tex.Civ.App., 228 S.W.2d 574, 577, an operator of a garage sued the owner of an automobile to recover on an itemized verified account for repairs of the defendant's automobile, consisting of labor and materials, where it was further alleged that the owner of the automobile fraudulently deprived the operator of the garage of the possession of said automobile and his lien thereon by giving a check in payment of said repairs and by the stopping of payment on the check. It was held by the court in said case that the trial court erred in overruling defendant's plea of privilege since the alleged fraud was only incidental to plaintiff's main cause of action in contract and would not fix venue. We quote from the court's opinion in said cause as follows:

"Plaintiff's main cause of action is in contract, for the value of labor and materials furnished by him; and no fraud pertaining to this has occurred. The only fraud alleged or proved was the fraud of Defendant in dispossessing Plaintiff of the automobile, and the only injury from this which Plaintiff alleged and proved (if he proved an injury) was the loss of a lien. Under such pleading and proof, it would seem that the greatest relief which Plaintiff could obtain (and we do not say that he could) would be the restoration of the lien; but the right constituting the foundation of this relief would grow out of the same facts as those upon which Plaintiff's primary cause of action depended, namely, the repairs made upon Defendant's automobile at Defendant's request. If we assume that the establishment of a lien in this suit would be such an independent cause of action as would support venue, then nevertheless, under the following decisions, Defendant's fraud would only be incidental to that cause of action and for this reason would not fix venue under Subdivision 7 of Art. R.S. 1995, because, under the pleadings, the basic right to be enforced existed before the fraud was committed and the fraud did not enter into it. See: Lone Star Mutual Life Association v. Bruno, Tex.Civ.App., 101 S.W.2d 1059; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283; Nunnally v. Holt, Tex.Civ.App., 1 S.W.2d 933. So far as we can deter-

mine, Plaintiff claims no more than he had before the fraud was committed upon him."

In Adamson v. Hexter, Tex.Civ.App., 68 S.W.2d 568, 569, it was held that a suit by a landlord for a share of a crop raised by his tenant was required to be brought in the county of the tenant's residence (where the tenant filed a plea of privilege) when the pleadings disclosed that the gist of the suit was for a breach of a parol contract and for an accounting thereon, and that the landlord's charge of conversion relied on to maintain suit in the county where the conversion took place (under Subd. 9 of Art. 1995, V.A.C.S.) was but an incident to the main cause of action.

■ It is our view that plaintiff-appellee's main and primary suit is on an itemized verified account to recover $784.61, and that the controversy over the alleged fraud and the alleged crime committed are but incidents to the main suit on the account, which cause of action appellee held before the commission of the alleged fraud and the alleged crime. In such cases it has been held that the nature of the principal cause of action is controlling over secondary or incidental issues. In this connection see Imle v. Brill, Tex.Civ.App., 234 S.W.2d 288, 290, wherein it is stated:

"It occurs to us that this is a suit on contract in which it is necessary that appellant first avoid the effects of a release. Upon this state of the pleadings, the controversy over the alleged fraud is but an incident. In such cases, it has been held that the nature of the principal cause of action is controlling over secondary or incidental issues. Sowell v. Weisinger, Tex.Civ.App., 228 S.W.2d 574; Henson v. Henson, Tex. Civ.App., 181 S.W.2d 285; Lone Star Mutual Life Ass'n v. Bruno, Tex.Civ. App., 101 S.W.2d 1059; Evans v. Heldenfels, Tex.Civ.App., 70 S.W.2d 283; Adamson v. Hexter, Tex.Civ. App., 68 S.W.2d 568; O'Quinn v. O'Quinn, Tex.Civ.App., 57 S.W.2d 397;

Beale v. Cherryhomes, Tex.Civ.App., 21 S.W.2d 65. We hold that the pleadings assert a cause of action grounded on contract rather than fraud. Latshaw v. McLean, Tex.Civ.App., 238 S.W. 1003; Dowell v. Long, Tex.Civ. App., 219 S.W. 560; Neal v. Barbee, Tex.Civ.App., 185 S.W. 1059. Where a contract is induced by fraud, but a party elects to sue on the contract rather than to allege and recover damages for fraud, he cannot rely on fraud to fix the venue of his suit. Bunger v. Campbell, Tex.Civ.App., 183 S.W. 2d 1001."

We conclude that under the facts in this cause appellant is entitled to his statutory privilege to be sued in Smith County, Texas. The judgment of the trial court is reversed and judgment is here rendered with instructions that the cause be transferred to the County Court of Smith County, Texas.

Reversed and rendered with instructions.