Tony L. KOTT et al., Appellants,

v.

Edward FAIRCLOTH et al., Appellees.

No. 6492.

Court of Civil Appeals of Texas.

Beaumont.

Oct. 26, 1961.

C. B. Stanley, Houston, for appellants.

Joe J. Newman, Houston, for appellees.

STEPHENSON, Justice.

This is an appeal by Geraldine Young, a feme sole, from an order of the trial court overruling her plea of privilege to be sued in Harris County, the county of her residence. Plaintiffs brought suit against several defendants alleging Geraldine Young and T. L. Kott were acting as partners in the transaction made the basis of this suit. The defendants filed separate pleas of privilege, all of which were overruled, and this was the only appeal taken. The parties will be designated here as they were in the trial court.

J. V. Stepchinski and Ed Stepchinski, also named as defendants, acting on behalf of the partnership composed of Geraldine Young and T. L. Kott, purchased cattle in

Liberty County from plaintiffs. There were many separate purchases, but in the four made the basis of this action, checks were given which were not honored. None of the defendants were residents of Liberty County.

Plaintiffs relied upon sections seven and nine of Art. 1995, Texas Revised Civil Statutes, to retain venue in Liberty County. The fraud relied upon by the plaintiffs was the representation by T. L. Kott that previous checks had been paid before the last check, made the basis of their suit, was accepted and the cattle delivered.

■ The suit here is clearly one for breach of contract in failing to pay the balance due for the purchase of the cattle. The allegations of fraud and crime are merely incidental to the cause of action for this breach of contract. The plaintiffs accepted several payments upon the indebtedness after the last transaction sued upon. In their prayer, plaintiffs seek recovery of the unpaid balance due for such cattle. The representations on the part of T. L. Kott were at most, fraud in inducement to secure the purchase of the cattle. The law in this state is well settled that in a suit for damages for breach of contract, venue cannot be sustained in the county where fraud in inducing the execution of the contract is alleged to have occurred. Henson v. Henson, Tex.Civ.App., 181 S.W.2d 285; Lewis v. Evans, Tex.Civ.App., 332 S.W.2d 795.

Our courts have repeatedly held that the dominant purpose of the venue statutes is to give a person who has been sued the right to defend such suit in the county of his domicile, except under well defined exceptions. Meredith v. McClendon, 130 Tex. 527, 111 S.W.2d 1062.

■ The plaintiffs cite only the case of Stedman v. International Harvester Co., Tex.Civ.App., 319 S.W.2d 791, to sustain the trial court's decision to retain venue in Liberty County. In the Stedman case no controverting affidavit was filed by the plaintiff who agreed to the transfer of the case. The only question in the Stedman case was whether all or just a part of the case should be transferred. We feel the Stedman case has no application to this case. The fact the other defendants may have waived their pleas of privilege would not confer venue on Geraldine Young in Liberty County. Rogers v. Fort Worth Poultry & Egg Co., Tex.Civ.App., 185 S. W.2d 165. The fact that Geraldine Young and T. L. Kott may have been partners does not control this question. The Commission of Appeals, in Comer v. Brown, Tex.Com. App., 285 S.W. 307, long ago settled the question that causes of action against partners are severable.

The judgment of the trial court is reversed and we order the portion of the case against Geraldine Young transferred to Harris County.