**Leroy SPARKS, Appellant,**

v.

**CHRYSLER CORPORATION, AIRTEMP DIVISION, Appellee.**

No. 6501.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 30, 1961.

J. L. Smith, San Augustine, for appellant.

Baker, Botts, Andrews & Shepherd, Ralph S. Carrigan, Houston, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court sustaining the plea of privilege of the appellee, Chrysler Corporation, Airtemp Division. Appellant, Leroy Sparks, filed suit against this appellee and Charles Cox, whose plea of privilege was stricken by the trial court, for damages caused by defective air conditioning equipment sold to appellant by Charles Cox. Charles Cox

was the local dealer for appellee in San Augustine and handled the sale and the installation of the equipment. Appellant relied upon Subdivisions 7, 27 and 29a of Article 1995, R.C.S., to maintain suit in San Augustine County.

The fraud relied upon by appellant was the representation by Charles Cox that the equipment sold was new. Appellant offered evidence that the equipment was inspected after the damage was done, and found to be a bundle of rust and falling apart. Appellant sued for the damages caused when water leaked out of the equipment and damaged his house and furniture, and for exemplary damages. The contract here was between Cox and Sparks for the sale and purchase of the equipment. Appellant does not seek to rescind this contract, nor to recover the difference in the value of the equipment as represented as new and as the equipment actually existed. In effect, this is an action for special damages as a result of a breach of contract to furnish equipment which was not in a defective condition. The representations of Cox were at most, fraud in inducement to secure the sale of the equipment. The law is well settled in this state that in a suit for damages for breach of contract, venue cannot be sustained in the county where fraud in inducing the execution of the contract is alleged to have occurred. Henson v. Henson, Tex.Civ.App., 181 S.W.2d 285; Lewis v. Evans, Tex.Civ.App., 332 S.W.2d 795. At most, appellant's proof would sustain a finding of fraud on the part of Cox. There was no proof of agency between Cox and the appellee corporation, but only a dealership which was a contractual relationship.

It was stipulated that the appellee corporation was a foreign corporation, but under subsection 27 of Art. 1995, the appellant did not prove a cause of action against the appellee corporation. The evidence showed the equipment was sold by the appellee corporation to Cox, and by Cox to appellant. There was no privity of con-

tract between appellee corporation and appellant. The most recent case on this point is Gehl Bros. Mfg. Co. v. Price's Producers, Inc., Tex.Civ.App., 319 S.W.2d 955. The general rule is a retailer or a wholesaler is not an agent or representative of a manufacturer so as to bind him contractually. Avery Co. of Texas v. Barker, Tex.Civ. App., 243 S.W. 695; Liggett & Myers Tobacco Co. v. Wallace, Tex.Civ.App., 69 S. W.2d 857. The circumstances in this present case do not bring it within the exception as defined in the case cited by appellant, United States Pipe & Foundry Co. v. City of Waco, 130 Tex. 126, 108 S.W.2d 432, in which the corporation actually participated in securing the contract even though not a party to it.

The appellee corporation was not a necessary party in an action against Cox, and therefore venue could not be retained in San Augustine County under Sec. 29a of Article 1995. Tarrant v. Walker, 140 Tex. 249, 166 S.W.2d 900.

The judgment of the District Court is affirmed.