KEATON–ANDREW CATTLE COMPANY, Appellants,

v.

T. B. SAUNDERS, d/b/a T. B. Saunders & Co., et al., Appellees.

No. 14580.

Court of Civil Appeals of Texas.

Houston.

Sept. 9, 1965.

Bracewell, Reynolds & Patterson, William Key Wilde, Bob Casey, Jr., Houston, for appellants.

Fannin & Fannin, Oliver W. Fannin, Fort Worth, for appellees.

BELL, Chief Justice.

This is an appeal from an order sustaining the plea of privilege of T. B. Saunders to be sued in Tarrant County. Saunders' agent, Roger Foerster, who lives in Harris County, was also sued.

The allegations of appellants' petition and the evidence show that Saunders was a marketing agent under the Packers and Stockyards Act, 7 U.S.C.A. § 181. He agreed orally with appellants to honor drafts drawn by appellants on him that were given the owners from whom appellants purchased cattle. The agreement was made in September, 1963. Appellants would purchase cattle and a draft would be drawn which would be honored by Saunders. He would then charge appellants' account with the amount of the draft. Appellants would then sell the cattle and would send the purchaser's check or a draft on the purchaser to appellee. Appellee would credit the amount of the draft to appellants' account. For services rendered appellee was to receive 30 cents per head of the cattle purchased by appellants.

Appellee honored all drafts until sometime in April, 1964, when appellee ceased to honor them.

Appellants allege appellee had no reason to stop honoring drafts in violation of the agreement and that appellee's conduct resulted in the destruction of appellants' business. This act was alleged to be intentional and deliberate and as a result of concerted action between Saunders and Foerster, his Houston agent. The suit was for an accounting and for exemplary and compensatory damages.

It is undisputed that appellee Saunders stopped honoring appellants' drafts. However, there is a dispute in the evidence as to why. The evidence is sufficient to show the appellee stopped because appellants were overdrawn in their account. While this is disputed by appellants, the trial court on sufficient evidence has resolved this issue against them, thus impliedly finding no breach by appellee.

Appellants seek to hold venue in Harris County under Subdivision 9, Article 1995, V.A.T.S., on the theory that this involves trespass on the case.

We conclude that the allegations and the evidence, even if we assume appellants' position to be true, show nothing more than a suit for accounting and damages for breach of an oral contract. The allegations that the acts of appellee were deliberate and intentional do not change the suit from one for breach of contract. See Henson v. Henson, Tex.Civ.App., 181 S.W. 2d 285, no writ hist.; Adamson v. Hexter et al. Tex.Civ.App., 68 S.W.2d 568, no writ hist.

The evidence fails to show any cause of action against Foerster, the resident defendant.

The judgment of the trial court is affirmed.