NELSON INTERNATIONAL, INC. and
Bill Price, Appellants,

v.

Deryl BOLIN, d/b/a Standard Drilling
and Glen Davidson, Appellees.

No. 16029.

Court of Civil Appeals of Texas,
San Antonio.

June 14, 1978.

Charles H. Clark, Tyler, for appellants.

Mann, Freed, Kazen & Hansen, Laredo, for appellees.

OPINION

MURRAY, Justice.

This is an appeal from an order of the trial court sustaining the plea of privilege of the appellees, Deryl Bolin and Glen Davidson. Appellants filed this suit against the appellees for damages growing out of an auction of oil field equipment. Appellants relied upon Subds. 7 and 29a of Tex. Rev.Civ.Stat.Ann. art. 1995, to maintain suit in Webb County. Deryl Bolin was the owner of the oil field equipment to be sold and Glen Davidson was a bidder at the sale. The fraud relied upon by appellants was the representations by Glen Davidson that he was bidding on the equipment on his own, that he was not bidding for the owner Bolin, and that he would pay for the equipment that day.

Appellant, Nelson International, and appellee Deryl Bolin entered into a written auction contract whereby Nelson International was to auction the oil field equipment and Deryl Bolin agreed to sell the oil field equipment to the highest bidder with no minimum or reservations, no buy-backs, and no one bidding for the owner. As compensation for Nelson International, it was to receive seven and one-half per cent of the gross sales as commission, along with various miscellaneous expenses. The contract further provides in part:

Should the Owner, for any reason, break or cancel the terms of this contract, Owner agrees to pay Auctioneers a sum equal to the above stated advertising cost and said commissions based on the market value of listed property.

During the bidding on one certain rig, appellee Bolin felt that the rig was going too cheap and had appellee Davidson make a bid of $46,000 which turned out to be the high bid. Before the hammer fell on this bid, the auctioneer asked Davidson if he was bidding on his own, if he was bidding for the owner, and if he intended to pay for

the equipment that day. Davidson represented to the auctioneer at that time that he was bidding for himself and would pay for the equipment that day. This lawsuit grew out of the failure of Davidson to pay for the equipment.

The appellees contend that the alleged fraud is merely incidental to the main cause of action asserted by appellants and that the true nature of appellants' suit as revealed by the examination of the pleadings and the proof offered at the hearing, is one for breach of contract. We agree.

■ The rule is well established that in order to fall within Subd. 7, the "cause of action" must be one sounding in tort and not one for breach of contract, as to which allegations of fraud were merely incidental. *Henson v. Henson*, 181 S.W.2d 285 (Tex.Civ. App.—Austin 1944, no writ); *Lewis v. Evans*, 332 S.W.2d 795 (Tex.Civ.App.—Texarkana 1960, no writ); *Kott v. Faircloth*, 350 S.W.2d 668 (Tex.Civ.App.—Beaumont 1961, no writ); *Sparks v. Chrysler Corporation, Airtemp Division*, 353 S.W.2d 477 (Tex.Civ. App.—Beaumont 1961, no writ).

■ Appellants' main cause of action is for money earned under the contract and the only fraud alleged or proved was the breach of contract by appellee Bolin, in having appellee, Davidson, bid for him.

The principal right asserted by appellants is based on the contract and the relief sought is for the breach thereof. The false statements made by appellant, Davidson, was only incidental to the right to recover on the contract. Therefore, the trial court properly granted the appellees' plea of privilege. The judgment of the trial court is affirmed.