**CAFETERIAS, INC., Appellant,**

**v.**

**SYSTEM–MASTER, INC., Appellee.**

**No. 11981.**

Court of Civil Appeals of Texas, Austin.

Jan. 31, 1973.

Rehearing Denied Feb. 21, 1973.

———◆———

Thomas Black, Stayton, Maloney, Black, Hearne & Babb, Austin, for appellant.

Jack Hebdon, Groce, Locke & Hebdon, San Antonio, for appellee.

PHILLIPS, Chief Justice.

This is an appeal by Cafeterias, Inc., plaintiff below, from an order sustaining the plea of privilege of System-Master, Inc., appellee, a defendant in the trial court.

We affirm.

Jerry Williams installed a fire extinguishing system manufactured by appellee in appellant's Luby's Cafeteria in Austin. Three weeks later, when a fire occurred in the kitchen of the cafeteria, the fire extinguishing system failed to function and considerable property damage resulted. Suit was brought in Travis County and appellee (defendant) filed a plea of privilege to be sued in Dallas County. Appellant's controverting affidavit alleged negligence occurring in Travis County, agency, and proximate cause, thus seeking to sustain venue in Travis County under Art. 1995, § 9a, Vernon's Ann.Civ.St.

Appellant's allegation that Jerry Williams negligently installed the system is undisputed. The only question before us is whether Williams was acting as the servant, agent, or representative of appellee, within the meaning of Art. 1995 § 9a(2) when he made this installation.

Appellant is before us on two points of error, which we overrule, contending that the trial court erred in failing to find the alleged agency.

Under its first point appellant contends that Williams was acting as appellee's agent under rules and regulations of the State Board of Insurance requiring an agency relationship between manufacturers and installers of fire extinguishing equipment. Under its second point appellant contends that the overwhelming weight and preponderance of the evidence establishes that Jerry Williams was acting as agent for appellee when he negligently installed the equipment.

We will consider appellant's second point of error first. This point evokes the common law question of agency. Appellee's dealer organization is composed of installers who buy the products from appellee and then make the required installations. The system involved in the fire was not installed by appellee and appellee company knew nothing of the installation until after the fire occurred. Appellee puts its dealers through a training period after which appellee provides no supervision of the dealers. As manufacturers, appellee sold only to qualified installers who then sold the product directly to the customer. The evidence further discloses that Williams was not an employee of appellee and was not on its payroll. Appellee had no dealings with appellant and was not notified of this installation until after the fire. Appellee had no contract with Williams and had no supervision over him. The evidence before us discloses only that Jerry Williams had been trained by the appellee and accepted by appellee as a qualified installer of its product.

Appellant contends that the evidence establishes an agency relationship between appellee and Williams inasmuch as appellee officially designated Williams as a "factory authorized installer" and that Williams certified his work as appellee's "authorized representative"; that this authorization

has never been revoked by appellee. As further evidence of agency, appellant contends that immediately after the fire appellee's vice president went to the cafeteria to inspect the system to determine the cause of its malfunction; that he came at the behest of one of its San Antonio installers and that he reported the results of his findings to Williams. Appellant maintains that appellee's vice president testified that its installation work is done by "our dealer organization" and that the system itself is a packaged system consisting of everything needed to make the installation excluding the pipe and the conduit for the cable. Further that when Jerry Williams wanted to become an installer, he was not allowed to set up business in the San Antonio area because appellee already has a dealership there and he was told that the only place appellee would sanction him as a dealer would be in Austin. Appellant also contends that appellee's vice president testified that its dealers are put "through a training period" and "then we will set them up to install our equipment, and at that point we qualify them—authorize them to install our products." He also testified "that much of my time is spent away from the plant in training the installers in the installation of the equipment;" and that he personally trained Jerry Williams.

■ Section 9a(2) of Article 1995 requires that the act or omission be that of defendant personally or of a servant, agent or representative acting within the scope of his employment. We hold that the evidence before us supports the trial court's implied finding of fact that Williams was not an employee in the scope of his employment for appellee when the system was installed. The only relationship that appellee had with Williams in connection with appellant's loss was to sell Williams a system. Appellee had no idea where the system was going to be placed; it had no relationship with the company to whom Williams was to sell the system. Appellant did not at anytime look to appellee for any

assistance or responsibility but rather it looked only to Williams. The record is silent as to any agreement between appellee and Williams. Gulf States Paint Company v. Kornblee Co., 390 S.W.2d 356 (Tex.Civ. App.1965, n. r. e.). The only contractual relationship involved was one of a dealership with the right to install the product. Sparks v. Chrysler Corporation, Airtemp Division, 353 S.W.2d 477 (Tex.Civ.App. 1961, no writ hist.). It is the general rule that a retailer or wholesaler is not an agent or representative of a manufacturer so as to bind him contractually, Sparks v. Chrysler Corp., *supra*.

■ Since there is no evidence of any contractual relationship between Jerry Williams and appellee, a pertinent aspect of an agency relationship, such as appellant alleges existed, is the right of control of the agent by the principal. Anchor Casualty Co. v. Hartsfield, 390 S.W.2d 469, Tex. Sup.1965; General Motors Corporation v. Brady, 477 S.W.2d 385, Tex.Civ.App.1972, no writ. There is no evidence that appellee had any right of control over Williams' installation nor any evidence that appellee exercised any control of the installation.

Appellant stresses the fact that appellee described Williams as a "factory authorized installer" and that Williams filed his report with the Insurance Board as the "authorized representative" of appellee.

If Williams is appellee's "authorized representative", the question immediately posed is: For what purpose or purposes is Williams the authorized representative of appellee? Under the evidence before us the answer is that Williams is appellee's authorized dealer and is qualified to install appellee's product. See Adami v. Dobie, 440 S.W.2d 330, (Tex.Civ.App., 1969, writ dism.). The evidence discloses nothing further.

Having overruled appellant's contention that an agency relationship existed between appellee and Williams at common

law, we turn to appellant's first point of error where it attempts to impose an agency relationship by virtue of the rules and regulations of the State Board of Insurance.

Appellant relies upon a regulation promulgated by the State Board of Insurance which is as follows: [1]

"5. Each installation shall be certified to the State Board of Insurance as having conformed to the requirements as outlined in No. 1 above, by the manufacturer or his authorized representative, and said certification shall also encompass required supplementary portable extinguisher(s)."

It is appellant's contention that the term "authorized representative" used in this regulation has the same import as the term "representative acting within the scope of his employment" found in Article 1995, Sec. 9a(2), V.C.S. Thus, appellant contends the agency relationship for venue purposes is established by law.

We have no quarrel with appellant's contention that the rule of the State Board of Insurance has the same force and effect as a statute.[2] Nonetheless, we can interpret this rule as going no further than requiring that qualified persons install the equipment. Although we fully realize that statutes in derogation of the common law are not as such necessarily to be strictly construed,[3] we also recognize the principle that if a statute creates a liability unknown to the common law, or deprives a person of a common law right, such statute will not be extended beyond its plain meaning or applied to cases not clearly within its purview. Satterfield v. Satterfield, 448 S. W.2d 456 (Tex.1969). For us to hold that the Insurance Commission rule establishes legal relationships and fixes liability would certainly do violence to this principle of construction and we decline to follow that course.

The judgment of the trial court is affirmed.

Affirmed.

1. This regulation is found in a pamphlet issued by the State Board of Insurance entitled: Standards For Protection of Hoods and Vent (Duct) Systems—Serving Cooking Equipment. The specific rule in question is found under the heading: Installation.

2. Texarkana & Ft. S. Ry. Co. v. Houston Gas & Fuel Co., 121 Tex. 594, 51 S.W.2d 284, (Comm.App.Op. adopted 1943); F. A. Gillespie & Sons Co. v. Railroad Commission, 161 S.W.2d 159 (Tex.Civ.App. 1942, err. ref. w. o. m.).

3. Article 10, Subdivision 8, V.C.S.; Pittman v. Time Securities, et al., 301 S.W. 2d 521 (Tex.Civ.App.1957).