Neal SISSON and Darryl and Rosan Sisson

v.

**TEXAS–NEW MEXICO POWER COMPANY**

No. 2–86–033–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1986.

Brown, Todd, Hagood & Davenport and Trey Apffel, Alvin, for appellants.

Cantey, Hanger, Gooch, Munn & Collins and Mark D. Beatty, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

HILL, Justice.

Neal Sisson, and his parents, Darryl and Rosan Sisson, appeal from a summary judgment granted to Texas-New Mexico Power Company, the appellee, in the Sissons' suit for personal injuries caused by Neal coming into contact with a live electric wire while he was assigned to the Gatesville unit of the Texas Department of Corrections. Following the granting of Texas-New Mexico's motion for summary judgment, this cause was severed from claims brought by the Sissons against the State of Texas and the Texas Department of Corrections.

In three points of error, the Sissons urge that the trial court erred in granting summary judgment that the Sissons take nothing by their suit.

We affirm, because we find that the trial court did not err in granting the summary judgment.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

At the time of the accident in question, Neal Sisson, while an inmate at the Gatesville unit of the Texas Department of Corrections (T.D.C.), was working with a live power line, as part of an effort to rebuild T.D.C.'s electrical supply system. He came into contact with the live power line and

suffered disfigurement and disabling injuries before the power could be shut off. At the time of the accident, T.D.C. received its power from Texas-New Mexico. A Texas-New Mexico substation was located just outside of T.D.C. The substation was locked at the time of the accident and T.D.C. officials had no access to it. At the time of the injury, T.D.C. officials cut the power off by using a device called a "hot stick." The summary judgment proof shows that T.D.C., not Texas-New Mexico, maintained control over the electrical system within T.D.C.'s boundaries and that Texas-New Mexico did not have knowledge of the day-to-day operations of T.D.C. with respect to work on the electric lines. Texas-New Mexico had the right to come on the premises of T.D.C. only if requested.

■ A plaintiff in a negligence action must prove the existence and breach of a duty owed to him by the defendant to act as a reasonably prudent person would act under the same or similar circumstances. Whether the duty exists under the facts of a particular case is a question of law for the court to determine. *J.R. Beadel and Co. v. De La Garza*, 690 S.W.2d 71, 73 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Generally, courts will find a duty where reasonable men would recognize it and agree it exists. *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 310 (Tex.1983). We know of no duty of an electric utility to someone who is injured on the premises of its customer while working on its customer's internal electrical equipment under conditions over which the utility has no control. Sisson has not provided us with any authority that such a duty exists. We do not find that such a duty is one which reasonable men would recognize and agree as to its existence. Therefore, Texas-New Mexico owed no duty to Sisson under the undisputed facts of this case.

■ In addition to any common law duty, Sisson relies on the breach of a statutory duty which he urges that Texas-New

Mexico owed to him by virtue of TEX.REV. CIV.STAT.ANN. art. 1436c, secs. 3, 6 (Vernon 1980). Section 3 prohibits work within six feet of a high voltage overhead line unless the danger has been guarded against pursuant to the provisions of section 6. Section 6 provides that anyone who wishes to do such work is to notify the operator of the high voltage line, and that the work is to be performed only after satisfactory mutual arrangements have been negotiated between the owner or operator of the lines, or both, and the persons responsible for the work to be done as to certain named safety precautions to be taken. Other provisions provide for penalties for those who violate the act. The summary judgment evidence showed that T.D.C. did not notify Texas-New Mexico of Sisson's work. Sisson alleges as grounds of negligence the failure of Texas-New Mexico to prevent his coming into contact with the overhead line or its failure to make satisfactory mutual arrangements with T.D.C. to prevent his coming into contact with the line. The obligation or duties arising from sections 3 and 6 of article 1436(c) apply specifically to the person, firm or corporation desiring to temporarily work in closer proximity to an electric line than permitted by the statute. *Ringo v. Gulf States Utilities Co.*, 569 S.W.2d 31, 34 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.). We do not find any provision in the statute which would impose a duty on a utility to make mutually satisfactory arrangements for the protection of one working in close proximity to a power line in the absence of the request which the statute obligates the entity doing the work to make.

■ Sisson also maintains that there was a fact issue based upon his strict liability claim that the electricity was defective as marketed. The contention appears to be solely based upon the fact that Texas-New Mexico Power Company controlled the substation which provided power to T.D.C. Sisson cites the case of *Moody v. City of*

*Galveston,* 524 S.W.2d 583 (Tex.Civ.App.—Houston [1st Dist.] 1975, writ ref'd n.r.e.). That case involved a city providing a water customer with a defective product, water which contained natural gas sufficient to ignite when a lighted cigarette was placed nearby. In the case at bar, the electricity provided by Texas-New Mexico was not defective. The Sissons allege that the method of transmission of the electricity was defective for the reason that the line could not be de-energized without mutual arrangements between Texas-New Mexico and T.D.C. The summary judgment evidence established, however, that the power could be and was shut off by T.D.C. employees acting alone.

In oral argument, Sisson's attorney made reference to the opinion in the case of *Houston Lighting & Power Co. v. Reynolds,* 712 S.W.2d 761 (Tex.App.—Houston [1st Dist.] 1986, no writ). That opinion is authority for the proposition that there can be a strict products liability cause of action against electric utility companies for injuries caused by contact with high voltage distribution lines. The opinion held that the evidence in the case supported a judgment against the power company based on a failure to warn of the danger of high voltage lines. *Id.* The case involved severe injuries to a sixteen-year-old boy who was intentionally trying to touch the wire with a metal pole, against the advice of a friend who warned him that he might get shocked. We need not reach the question presented in *Houston Lighting & Power Co. v. Reynolds,* because we have found that the summary judgment evidence precludes recovery by the Sissons since the facts establish that the method of transmission was not defective in the manner alleged by them. Since Texas-New Mexico owed no duty to Sisson, either common law or statutory, and since the summary judgment evidence showed that there was no basis for the Sissons' strict liability claim, the trial court did not err in granting summary judgment that the Sissons take nothing in their suit against the utility. We overrule points of error numbers one, two, and three.

The judgment is affirmed.