**CHIEF AUTO PARTS, INC., Plaintiff,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Defendant.**

No. 3:92–CV–1672–T.

United States District Court,
N.D. Texas,
Dallas Division.

May 4, 1994.

Dennis Dean Gibson, Gibson Sarles & Wallace, Dallas, TX, Michael Lamar Jones, Henry Meier Jones & Travis, Dallas, TX, for plaintiff.

Robert Noel LeMay, Kane Russell Coleman & Logan, Dallas, TX, for defendant.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT*

MALONEY, District Judge.

Before the Court are the parties' cross-motions for summary judgment. Responses

---

were filed to both motions. After consideration, the Court grants Defendant's motion and denies Plaintiff's motion.

## Background

Chief Auto Parts, Inc., entered into three insurance contracts with National Union Fire Insurance Company. Two contracts were issued in California, one in Texas. Under the contracts, National was to provide Chief with workers compensation insurance. All three contracts were issued as retrospective rating plans, which required Chief to pay additional premiums if losses on the policies were greater than expected. It is undisputed that Chief intended and agreed to this arrangement.

Texas insurance regulations require that, if a retrospective rating plan is elected, the insurer must file a notice of election. Similarly, California insurance regulations require the insurer to file a retrospective premium endorsement. It is undisputed that National failed to file the required notice or endorsements (collectively, the notices).

Chief filed this action in 1992, seeking the return of additional premiums paid under the contracts' retrospective rating provisions. Chief contends that, because National failed to file the notices, the insurance contracts could not be retrospectively rated. Consequently, Chief claims that the premiums should have been calculated at a guaranteed cost.[1] Chief paid additional premiums calculated under the contracts' retrospective rating provisions. Thus, Chief contends it overpaid.

## Analysis

Summary judgment is proper when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The movant must inform the court of the basis of its motion and identify the portions of the record which reveal there are no genuine material fact issues. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

Once the movant makes this showing, the nonmovant must demonstrate that there is evidence in the record establishing that there is a genuine issue of material fact for trial. *Id.* at 323–24, 106 S.Ct. at 2552–53. To carry this burden, the opponent must do more than simply show some metaphysical doubt as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986). The opponent must present evidence sufficient to support a resolution of the factual issue in his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). The court must view all evidence in the light most favorable to the nonmovant. *Id.* at 255, 106 S.Ct. at 2513–14 (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970)). The court may properly enter summary judgment against a party if, after adequate time for discovery, that party fails to establish the existence of an element essential to his case and as to which it will bear the burden of proof at trial. *Celotex,* 477 U.S. at 322, 106 S.Ct. at 2552.

In this case, the material facts are undisputed. As a threshold issue, the Court must determine whether Chief may bring this action for reimbursement based on National's failure to comply with insurance regulations that require it to file certain documents. After considering the briefs and evidence of the parties, the Court is of the opinion that Chief's reliance on the state regulations is improper.

Chief relies on Texas and California insurance regulations that require an insurer to file certain documents when it issues a workers compensation insurance policy on a retrospective rating plan. The Texas regulation states that retrospective rating is not available unless the State Board of Insurance receives a completed Notice of Election Form within 60 days after the plan becomes effective in Texas. STATE BOARD OF INSURANCE, TEXAS MANUAL FOR WORKERS' COMPENSATION AND EMPLOYERS' LIABILITY INSURANCE Part 3, p. 12 (1988). The California regulation states that if the employer and the in-

---

1. Guaranteed cost premiums do not increase due to claims experience.

surer agree to the use of the California Workers' Compensation Retrospective Rating Plan, they shall, within 60 days, sign and return to the Workers' Compensation Insurance Rating Bureau of California a copy of the approved retrospective premium endorsement. CAL.CODE REGS. tit. 10, § 2352.1 (1988). The approved endorsement states that the endorsement is invalid and not in force unless one of the original signed copies is sent to the Bureau within 60 days of the inception of the policy. *Id.*

Chief argues that these insurance regulations have the force and effect of state law. It asserts that, as state law, those regulations are a part of the policies at issue just as if those regulations were expressly incorporated into the contracts.

The Court acknowledges the principle that a regulation of the State Board of Insurance has the same force and effect as a statute. *See Cafeterias, Inc., v. System Master, Inc.,* 490 S.W.2d 253, 256 (Tex.Civ.App.—Austin 1973, no writ). Further, the Court recognizes that state statutes become part of contracts as if they were expressly referred to or incorporated into the policies. *Central Educ. Agency v. George West Indep. School Dist.,* 783 S.W.2d 200, 202 (Tex.1989).

Nonetheless, the plain meaning of these regulations does not require an insurer to automatically void the retrospective rating aspects of a policy and refund any additional premiums paid when the insurer fails to file a notice of election. The California regulation cited by Chief does not state that the retrospective rating plan is void if an endorsement is not filed, nor does it specify any other penalty for an insurer's failure to file. The approved endorsement form does state that the endorsement is void if not filed, but that form is not a regulation. Therefore, the California regulation does not invalidate the retrospective rating plan when an insurer fails to file the approved endorsement form.

As to the Texas regulation that Chief cites, that regulation states only that retrospective rating is not available if a notice of election is not filed. It does not state that the insurer must automatically void the retrospective rating provisions of a policy and insure the employer at a guaranteed cost if the insurer fails to file the notice. Nor does it state that the insurer must refund additional premiums paid if it fails to file a notice of election. Finally, the regulation does not state the employer may enforce the regulation and recover amounts paid on a retrospective rating plan when an insurer fails to file a notice of election.

However, by incorporating the regulation into the insurance policy, Chief would give the regulation all of these effects. In this manner, Chief's interpretation of the Texas regulation extends it beyond its plain meaning.

The Court will not extend the Texas or California regulations beyond their plain meaning when such an extension would impinge upon an established common law right. *See Cafeterias,* 490 S.W.2d at 256. The interpretation of the regulations that Chief proposes would impinge upon the parties' common law right to freedom of contract. Therefore, the Court declines to adopt Chief's interpretation of the regulations.

Further, the undisputed purpose of the regulations is to be certain that the insured is aware of the kind of coverage that it has actually purchased. Chief admits that it intended to purchase a retrospective rating plan and that National issued this type of plan. Therefore, it is clear that National's failure to comply with the regulations does not implicate the purpose of the filing requirements. In such case, to allow Chief to rely upon the regulations to entitle it to a refund of additional premiums paid would be to grant Chief a windfall. The Court will not interpret the regulations in a manner that allows such an improper application of the law. Therefore, the Court concludes that the retrospective rating aspects of the policies are not void.

Finally, the Court notes that this ruling is analogous to other areas of the law which hold certain contracts to be valid but unenforceable. Samuel Williston outlines three instances in which this might occur: when no ordinary remedy is provided by the law for the obligations created in the contract, such as a contract with the government, which may be unenforceable due to sovereign im-

munity; when some prerequisite for the full validity of the obligation has not been performed, such as when a contract does not meet the requirements of the statute of frauds; or because the remedy has been lost, as when the right to enforce a contract is barred by the statute of limitations. A TREATISE ON THE LAW OF CONTRACTS § 1:21 (Richard A. Lord ed., 4th ed. 1990).

Like contracts which fall within the statute of frauds, the policies are not void simply because one party failed to perform some prerequisite to their enforceability. However, as the law regarding contracts within the statute of frauds illustrates, it is proper to deny both parties a right of action so long as the requirements of the law, in this case the insurance regulations, are not met. For these reasons, the Court concludes that Chief is not entitled to reimbursement of additional premiums paid under the retrospective rating plans.

The Court stresses that this order does not prevent the appropriate state agencies from enforcing the regulations at issue as to these parties. The Court simply declines to enforce the policies in this forum when the insurer has failed to comply with the filing requirements that govern the election of retrospective rating plans.

In conclusion, the Court notes that National's motion for summary judgment purports to embrace all of Chief's claims in this action. However, the motion does not address Chief's claim that an indemnity agreement, submitted to it by National as part of a cash collateral program, is invalid. Further, National has asserted a counterclaim against Chief for non-payment of certain premiums under the retrospective rating plan. This counterclaim is not included in Chief's motion for summary judgment. Therefore, the Court will issue an interlocutory judgment dismissing only Chief's claims that arise out of National's failure to file a notice of election or retrospective premium endorsements.

It is therefore **ORDERED** that Defendant's Motion for Summary Judgment, filed January 24, 1994, is **granted**; and,

It is **FURTHER ORDERED** that Chief Auto Part's Motion for Summary Judgment, filed January 24, 1994, is **denied.**